Filed 9/2/15  P. v. Claiborne CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DENNIS G. CLAIBORNE,<br><br>    Defendant and Appellant. | B260391<br><br>(Los Angeles County<br>Super. Ct. No. SA025108) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner, Executive Director, James A. Uyeda, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997, a jury convicted defendant and appellant Dennis Claiborne (defendant) of attempted first-degree burglary in violation of Penal Code sections 459 and 664 and receiving stolen property in violation of Penal Code section 496, subdivision (a).[1]  The court found defendant had two qualifying prior convictions under the Three Strikes Law and sentenced him to an aggregate term of 60 years to life in prison:  two consecutive sentences of 25 years to life on the offenses of conviction, plus two five-year prior serious felony conviction enhancements.  In the appeal now before us from the dismissal of his section 1170.126 petition for recall of sentence, defendant argues he may be eligible for resentencing on the receipt of stolen property count of conviction.  In light of our Supreme Court's recent intervening decision in *People v. Johnson* (2015) 61 Cal.4th 674, the Attorney General agrees.  So do we.

The Three Strikes Reform Act of 2012 (the Act) added section 1170.126 to the Penal Code (and amended other provisions).  That section permits a person serving an indeterminate life sentence under the Three Strikes Law for conviction of a felony or felonies that are not defined as a serious and/or violent under section 667.5, subdivision (c) or section 1192.7, subdivision (c), to file a petition for recall of sentence.  Defendant's receiving stolen property conviction is not defined as a serious or violent felony and there is no indication of any other disqualifying factor under the Act.

The trial court dismissed the petition, however, relying on then-existing authority that held section 1170.126 forbids resentencing when *any* offenses for which a defendant is serving a Three Strikes Law indeterminate life sentence is a serious or violent felony.[2]  (Here, there is no dispute that the attempted first-degree burglary count of conviction is a serious or violent felony and that defendant is ineligible for resentencing on that count.)

---

[1]     All statutory references that follow are to the Penal Code.

[2]     The trial court also denied the petition on procedural grounds as a successive petition.  In light of the intervening *Johnson* decision and defendant's ability to obtain relief in any event via a petition for habeas corpus, the Attorney General does not oppose defendant's appeal on procedural grounds.

In the period between the trial court's ruling and our disposition of this appeal, our Supreme Court decided *Johnson*, which holds that "resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent." (*People v. Johnson, supra,* 61 Cal.4th at p. 695.) Under *Johnson*, defendant is therefore eligible to seek resentencing on the receipt of stolen property conviction. In these circumstances, we remand to the trial court to make the discretionary determination called for by the Act. (§1170.126, subd. (f) ["[T]he petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."].)

## DISPOSITION

The matter is reversed and remanded to the trial court for a determination under section 1170.126, subdivision (f) as to the receiving stolen property count of conviction.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

KRIEGLER, J.

3